IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JOHN RAYMOND LAMBERT                                                    PLAINTIFF


v.                                   CIVIL NO. 23-cv-6086


MARTIN J. O'MALLEY,[1] Commissioner                                     DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, John Raymond Lambert, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on August 24, 2018. (Tr. 17). In his application, Plaintiff alleged disability beginning on June 7, 2017, due to: cervical spinal stenosis, degenerative disc disease, sciatica, high blood pressure, headaches, carpal tunnel syndrome, obstructive sleep apnea, edema in both of his legs, ankles, and feet, social phobia, major recurring depression, persistent major depression, avoidant personality disorder, and anxiety disorder. (Tr. 72, 344–45). An administrative hearing was held via telephone on October 28, 2020, at which

---

[1] Martin J. O'Malley has been appointed to serve as the Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff appeared with counsel and testified. (Tr. 49–95). A vocational expert ("VE") also testified. *Id*.

On February 3, 2021, the ALJ issued an unfavorable decision. (Tr. 17–47). The ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, osteoarthritis, obesity, depressive and anxiety-related disorders, and seronegative rheumatoid arthritis. (Tr. 20–21). The ALJ found Plaintiff also suffered from the nonsevere impairments of benign essential tremors and sleep apnea, as well as finding that Plaintiff's alleged impairment of fibromyalgia was not a severe medically determinable impairment. *Id*. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21–23). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except: The claimant could only occasionally stoop, kneel, crouch, or crawl. He could perform work where the interpersonal contact is only incidental to the work performed, meaning a limited amount of meet-and-greet, and no sales or solicitation, though he could answer simple questions, accept payments and make change. He could understand, follow, and retain simple instructions, and perform simple tasks that require little independent judgment to perform. He could tolerate only occasional changes in a routine work setting.
>  (Tr. 23–36).

The ALJ found Plaintiff was unable to perform any of his past relevant work. (Tr. 36). With the help of the VE, the ALJ found Plaintiff would be able to perform the requirements of representative occupations such as a label cutter or table worker. (Tr. 37–38). The ALJ found Plaintiff was not disabled from June 7, 2017, through December 31, 2020, the date last insured. (Tr. 28). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) whether the ALJ erred in his RFC assessment for failing to address limitations associated with Plaintiff's rheumatoid arthritis, anklyosing spondylitis, fibromyalgia, and chronic pain syndrome; and 2) whether the ALJ's assessment of Plaintiff's mental impairments corresponded with the testimony of the vocational expert. (ECF No. 12). Defendant argues that the ALJ properly accounted for all of Plaintiff's physical impairments by restricting him to sedentary work, and that the ALJ carefully considered all of the evidence of record including the opinion evidence, and rendered a decision that was supported by the evidence. (ECF No. 14). Defendant points out that the ALJ included all limitations he found to be consistent with and supported by the record in his hypothetical to the VE which supported his RFC determination; Defendant argues that the ALJ was not required to include limitations in the hypothetical that he found inconsistent. (ECF No. 14, p. 6).

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While some evidence would support greater limitations than those found, the ALJ addressed those records and opinions and carefully weighed the evidence. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 25th day of April 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE